JOHN LINSCOTT *vs.* NOAH WEEKS and others.

York.    Opinion July 30, 1881.

*Mortgagor and mortgagee.*

</div>

Knowledge of the mortgagee of a sale by the mortgagor of a building, situated on the mortgaged premises, without the consent of the mortgagee, will not impair his title to the property thus sold.

The mortgagee in possession or his assignee has sufficient title to maintain trespass against the mortgagor, there having been no redemption of the mortgage.

ON REPORT.

Trespass. The writ was dated October 23, 1877. The action was referred by rule of court. In addition to the facts stated in the report it was admitted that the plaintiff at the time he took his deed to lot C, referred to in the report, had knowledge of the sale of the barn, the title to which is in controversy.

<div align="center">(Referee's report of facts.)</div>

"York, ss. Pursuant to the foregoing rule, I, the referee therein named, have notified, met and fully heard the parties, and maturely considered their several allegations, and the evidence produced to support the same, am of opinion, and do report accordingly, that on the twenty-second day of October, 1877, the defendants, without the permission of the plaintiff went upon the premises described in the writ with their team, and took up

and carried away a portion of the floor of a barn standing thereon.

"November 27, 1869, Samuel Pendexter conveyed by warranty deed to Timothy A. Pendexter, certain land represented in above plan by the three lots A, B and C, and Timothy A. Pendexter at the same time mortgaged back the same to Samuel Pendexter to secure notes given for the purchase money.

"December 20, 1869, Timothy A. Pendexter sold the barn in controversy, standing on lot C, verbally to Noah Weeks (one of the defendants) and Nathaniel Pendexter, who subsequently sold his interest in the barn to Andrew J. Pendexter, another of the defendants. The defendant, David Weeks, acted as servant of the two other defendants. Timothy A. Pendexter received one hundred dollars for the barn. The barn still stands on lot C, as it then stood, upon a wall, and having a cellar. December 27, 1869, Timothy A. Pendexter conveyed to Levi Pendexter by warranty deed, lot A, for one thousand dollars, and on same day Samuel Pendexter, the mortgagee, conveyed by quitclaim deed his interest in the same to said Levi Pendexter.

"March 2, 1870, Timothy A. Pendexter, conveyed by warranty deed, consideration being five hundred dollars, to John Linscott, the plaintiff, the lot marked C, without mentioning the mortgage but reserving the new barn on said premises. Lot C, being the premises described in the writ. At the time Linscott took this deed he had actual notice of the sale of the barn.

"January 11, 1871, Timothy A. Pendexter conveyed by warranty deed to Joseph W. Pendexter and another, lot marked

B, without mentioning the mortgage, but Pendexter and the other had knowledge at that time that the barn had been previously sold.

"November 9th, 1876, Samuel Pendexter assigned in writing to John Linscott, the plaintiff, the mortgage from Timothy A. Pendexter for $267.50 the amount then due on the mortgage note.

"It is agreed by the parties that lot B is worth the amount now due on the mortgage.

"The plaintiff, John Linscott, has been in possession of lot C, since the date of his deed from Timothy A. Pendexter, March 2, 1870. Linscott and Samuel Pendexter had actual knowledge of all conveyances herein named at time of assignment of mortgages.

"If, upon the foregoing statement, the plaintiff is entitled to recover, then he is entitled to judgment for twenty dollars damage which is the amount of damage done said barn; cost of reference taxed at ninety-nine cents and costs of court, to be taxed by the court.

"If the plaintiff is not entitled to recover as above, then judgment is to be entered for the defendants for cost of reference taxed at seven dollars and sixty-one cents, and cost of court to be taxed by the court.

H. FAIRFIELD."

*Ayer and Clifford*, for the plaintiff.

*L. S. Moore*, for the defendants.

WALTON, J. We think it is clear that upon the facts reported by the referee, and agreed upon by the parties, the plaintiff is entitled to judgment. As assignee of the mortgage from Timothy A. Pendexter to Samuel Pendexter, his title to the barn in controversy is superior to that of the defendants, who claim title to it by a subsequent purchase from the mortgagor. The mortgagor could give no title which would impair that of his mortgagee. So far as appears, the mortgagee had done nothing to impair his title. The case finds that he knew of the sale of the barn by the mortgagor, but it does not appear that he assented to the sale. Knowledge, without consent, would not impair his title. Having,

so far as appears, a good title himself, no reason is perceived why he could not convey a good title to whomsoever he pleased —to the plaintiff as well as to any one else. There are no facts reported which would operate as an estoppel upon the plaintiff thus to obtain and assert a title to the barn. True, he accepted a deed from the mortgagor in which the barn was reserved. But that would not prevent him from afterward obtaining a title to it from another and an independent source. Allowing the mortgagor to reserve it would not expressly or impliedly amount to a covenant on the part of the plaintiff that he would never become the owner of it. Nor do we think it would estop him from becoming the owner of it by purchase of the mortgagee's title. Nor are there any facts reported to justify the conclusion that the plaintiff was under an obligation to pay the mortgage debt, so that his purchase of the mortgage would operate as a discharge of it. The plaintiff's title is, of course, a conditional one. It is a mortgagee's title, which he has obtained by a purchase of the mortgage, and by taking an assignment of it to himself. But that is a title superior to that of the defendants, and is sufficient to maintain the action, there having been no redemption of the mortgage.

> *Judgment for plaintiff for twenty dollars damages, and costs, as awarded by the referee.*

APPLETON, C. J., BARROWS, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.